

NORTHERN DISTRICT OF TEXAS

FILED

NOV - 3 2011

CLERK, U.S. DISTRICT COURT
by_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LOUISE MUSIAL,                        §
                                      §
            Plaintiff,                §
                                      §
VS.                                   §   NO. 4:10-CV-280-A
                                      §
MICHAEL J. ASTRUE,                    §
COMMISSIONER OF SOCIAL                §
SECURITY,                             §
                                      §
            Defendant.                §

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the complaint of plaintiff, Louise Musial, seeking judicial review of the final decision of Michael J. Astrue, Commissioner of Social Security ("Commissioner"), denying her claim for disability insurance benefits under Title II of the Social Security Act.  The court has concluded that Commissioner's decision should be affirmed.

I.

Background

The Administrative Law Judge ("ALJ") decided on July 22, 2008, that "based on the applications protectively filed on January 11, 2005[,] and April 10, 2007, the [plaintiff] is not entitled to a period of disability or disability benefits under sections 215(I) and 223, respectively, of the Social Security

Act."[1]  Tr. at 47.  The Appeals Council, after receiving

additional evidence from plaintiff, denied plaintiff's request

for review on February 22, 2010.  Id. at 15.  On May 6, 2010,

after receiving yet more evidence from plaintiff, the Appeals

Council set aside its February 22, 2010 decision, but again

denied her request for review, and the July 22, 2008 decision of

the ALJ became the final decision of the Commissioner.  Tr. at 6-

9.

        Plaintiff instituted this action April 23, 2010, complaining

of Commissioner's decision.  The matter was referred to the

United States Magistrate Judge for proposed findings and

conclusions and a recommendation for disposition.  The magistrate

judge ordered that plaintiff's complaint be treated as an appeal

from the Commissioner's decision, and fixed a timetable for the

filing of briefs.  Both sides timely filed briefs.  On August 11,

2011, the magistrate judge issued his proposed findings and

conclusions and his recommendation ("FC&R") that the decision of

the Commissioner be reversed and remanded for further

administrative proceedings, and gave the parties until August 25,

---

[1]Plaintiff filed two separate applications for disability insurance benefits . The first application, protectively filed on January 11, 2005, after a hearing before an ALJ, was denied initially and on reconsideration. Tr. at 35. On review, the Appeals Council vacated the decision and remanded the case for further proceedings, including a new decision. Id. The second application was protectively filed on April 10, 2007. It was also denied at the initial and reconsideration levels, and was consolidated for adjudication with the first application. Id.

2

2011, to file objections.  Although neither party filed
objections, the court ordered the Commissioner to file a response
to the FC&R.  The Commissioner timely filed his response, to
which plaintiff replied.

II.

Positions Taken by the Parties and the FC&R

A.   Plaintiff's Brief

Plaintiff defines in her brief filed with the magistrate
judge the issues to be decided as follows:

First Issue:

The ALJ failed to apply the *Stone* standard for severity
to [plaintiff's] Undifferentiated Somatoform Disorder.

Pl.'s Br. at 8.

Second Issue:

The ALJ's Failure to Find [plaintiff's]
Undifferentiated Somatoform Disorder a Severe
Impairment is Not Supported by the Substantial
Evidence.

Id. at 10.

Third Issue:

While at the same time rejecting their conclusions, the
ALJ failed to follow proper legal standards with
respect to numerous medical opinions favorable to
[plaintiff].

Id. at 14.

Fourth Issue:

The Appeals Council failed to properly evaluate new and material evidence submitted with [plaintiff's] Appeals Council Brief.

Id. at 27.

Summed up, plaintiff's arguments in support of the first and second issues were that the ALJ should have found that plaintiff suffered from an undifferentiated somatoform disorder that was a severe impairment, and that in failing to conclude that plaintiff had such a disorder that was a severe impairment the ALJ failed to make a proper application of the severe impairment evaluation standard established by the Fifth Circuit in Stone v. Heckler, 752 F.2d 1099 (5th Cir. 1985).[2]

In support of the third issue, plaintiff argued that the ALJ failed to properly apply legal standards governing the evaluation of, and weight to be given to, medical source opinions.   In particular, plaintiff contends that the ALJ did not accord proper weight and significance to opinions of Janet Yazdi, M.D., George Mount, Ph.D., and Kelly Goodness, Ph.D.

The argument of plaintiff under the fourth issue is that the Appeals Council reversibly erred in failing to properly consider

---

[2]Under the standard set forth in Stone v. Heckler, "[a]n impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." 752 F.2d 1099, 1101 (5th Cir. 1985) (internal citations, quotations, and brackets omitted).

4

the additional evidence it received in advance of its May 6, 2010
rulings setting aside its February 22, 2010 decision and, again,
denying plaintiff's request for review of its February 22, 2010
decision.

B.   Commissioner's Responsive Brief

    Commissioner responded that the ALJ correctly applied the
Fifth Circuit's opinion in Stone, and, furthermore, that
substantial evidence supported the ALJ's determinations on the
nature of plaintiff's severe impairments at step two of the ALJ's
five-step analysis.  As to the ALJ's step four finding,
Commissioner argued that the ALJ correctly found that plaintiff
retained the residual functional capacity ("RFC") to work as an
administrative assistant; the ALJ correctly refused to defer to
medical opinions of plaintiff's treating sources that lacked
support or contradicted the weight of objective evidence in the
record; and moreover, substantial evidence supported the ALJ's
finding to deny benefits based on his RFC determination.
Finally, Commissioner contended that the Appeals Council properly
considered and rejected the new evidence submitted by plaintiff
to the Appeals Council after the decision of the ALJ.

C.   The FC&R

    The recommendation of the magistrate judge was that
Commissioner's decision be reversed and that the matter be

remanded for further administrative proceedings consistent with

the magistrate judge's proposed findings and conclusions.   The

magistrate judge considered the issues to be decided to be:

> 1.   Whether the ALJ applied the appropriate legal
>      standard and properly evaluated all of Musial's
>      impairments at Step Two;
>
> 2.   Whether the ALJ properly incorporated all of the
>      limitations he found supported in the record into
>      the hypothetical question presented to the
>      vocational expert;
>
> 3.   Whether the ALJ erred in failing to follow proper
>      legal standards in evaluating the medical opinions
>      favorable to Musial; and
>
> 4.   Whether the Appeals Council failed to properly
>      evaluate "new and material" evidence submitted to
>      it after the ALJ's decision.

FC&R at 4.

The magistrate judge concluded that the second and third

issues as he defined the issues should be resolved in favor of

Commissioner.[3]   Id. at 15-16, 22.   On the first issue he defined,

however, the magistrate judge concluded that remand was required

because at the step two finding, the ALJ "failed to refer to

Stone by name or indicate what severity standard" he was

---

[3] As to the second issue, the magistrate judge proposed a finding that at step four, "the ALJ
properly incorporated the functional limitations that he had found in his RFC assessment into the
hypothetical question" to the vocational expert.  FC&R at 16 (internal citations omitted).  And, as to the
third issue, the magistrate judge proposed a finding that, also at step four, substantial evidence in the
record supported the ALJ's decision to reject the opinions of Drs. Yazdi, Mount, and Goodness in making
the RFC assessment.  Id. at 22.

applying, and "failed to even use the term 'severe' in describing Musial's impairments." Id. at 11.  The magistrate judge chose not to make proposed findings or conclusions on the issue of whether substantial evidence supported the ALJ's failure to find that plaintiff's undifferentiated somatoform disorder was a severe impairment. Id. at 14-15.  On the fourth issue he defined, the magistrate judge concluded that remand was also required, because the Appeals Council "failed to reconcile the ALJ's findings regarding [Dr. Janet] Yazdi's opinions [from May 11, 2007] with the new evidence" from December 10, 2009, and because the Appeals Council failed to "provide the required written explanation" for rejecting the new evidence. Id. at 29. The magistrate judge recommended that the case be remanded for the ALJ to consider new evidence presented to and rejected by the Appeals Council. Id.

D.   Commissioner's Response to the FC&R

In response to the FC&R, as to the step two finding, Commissioner argued that the ALJ considered plaintiff's alleged impairments under the correct standard and concluded that some of them amounted to a severe impairments--but also correctly concluded that her undifferentiated somatoform disorder did not amount to a severe impairment.  Also, Commissioner pointed out, the ALJ's step two finding in favor of plaintiff as to certain

conditions precludes a claim for reversal based on an incorrect application of the Stone standard, even if the standard had not been correctly applied.  Furthermore, Commissioner contended, substantial evidence supported the ALJ's determinations concerning the nature of her severe impairments at step two.  As for the new evidence presented to the Appeals Council, Commissioner argued that the Appeals Council properly rejected the new opinion from Dr. Yazdi--coming two years after the ALJ decision--as inconsistent with the evidence in the record, and that had the additional new evidence been before the ALJ, it would not have changed his ultimate decision.

III.

Analysis

A.   Standard of Review

Judicial review of the decision of the Commissioner of nondisability is limited to two inquiries:  (1) whether substantial evidence of record supports the Commissioner's decision and (2) whether the decision comports with relevant standards.  See Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992).  Substantial evidence is such evidence that a reasonable mind might accept as adequate to support the decision. Richardson v. Perales, 402 U.S. 389, 401 (1971).  "[N]o

substantial evidence" will be found only where there is a

"conspicuous absence of credible choices" or "no contrary medical

evidence." Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir.

1988) (per curiam) (citing Hames v. Heckler, 707 F.2d 162, 164

(5th cir. 1983)).

A.    The *Stone*, Severe Impairment, and Undifferentiated
      Somatoform Disorder Issues

      Under this subheading, the court addresses the First and

Second Issues defined in plaintiff's brief, supra at 3, and the

first issue defined by the magistrate judge in the FC&R, id. at

6.   Those issues relate to the following findings of the ALJ:

> The medical evidence establishes that the claimant has
> obesity, with joint complaints and mild osteopenia;
> hypothyroidism, normalized on replacement hormone;
> palpitations, controlled on medication; mood disorder,
> with depression, anxiety, and fatigue, amenable to
> medication; and genetically, a homozygous mutation
> which can lead to hypercoagulable state, but normal
> laboratory findings, but that she does not have an
> impairment or combination of impairments listed in, or
> medically equal to one listed in Appendix 1, Subpart P,
> Regulations No. 4.

Tr. at 36.   Plaintiff interprets this language as being, inter

alia, findings by the ALJ that plaintiff suffered severe

impairments in the form of obesity, hypothyroidism, and a "mood

disorder, with depression, anxiety, and fatigue." Pl.'s Br. at 5

(quoting ALJ's decision); see also id. at 11.   Commissioner

concurred with plaintiff that the ALJ found that plaintiff had a

severe impairment, in the form of a mental impairment, at step
two of the sequential evaluation process.[4]  Def.'s Br. in Resp.
at 5; <u>see also</u> Comm. Oct. 11, 2011, Resp. at 4.  The court agrees
that, although the ALJ did not use the word "severe" in
describing plaintiff's impairments in the above-quoted section of
his decision (which immediately followed his step one finding),
implicit in the ALJ's decision are findings by him that the
impairments he described at that point in his decision were
severe.  The ALJ then went beyond step two and reached his
decision at a later step.  Thus, the fact that the ALJ did not
make specific reference to, or might have failed to properly
apply, the <u>Stone</u> standard is unimportant.

Fifth Circuit rulings have clarified that remand is required
only when the ALJ failed to reference the <u>Stone</u> standard and the
case was adjudicated at step two of the sequential evaluation

---

[4]The magistrate judge correctly described the five-step analysis set forth in 20 C.F.R. § 404.1520
to determine whether plaintiff is disabled. FC&R at 3.  First, the claimant must not be presently working
at any substantial gainful activity as defined in the regulations.  Second, the claimant must have an
impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(c).  Third, the
impairment or combination of impairments must meet or equal an impairment listed in the appendix to
the regulations. 20 C.F.R. pt. 404, subst. P, App. 1; 20 C.F.R. § 404.1520(d).  Fourth, the impairment or
impairments must prevent the claimant from returning to past relevant work.  <u>Id.</u> § 404.1520(e).  And
fifth, the impairment must prevent the claimant from doing any work, considering the claimant's residual
functional capacity, age, education, and past work experience. <u>Id.</u> § 404.1520(f).  At steps one through
four, the burden of proof rests upon the claimant to show he is disabled.  <u>Crowley v. Apfel</u>, 197 F.3d 194,
198 (5th Cir. 1999).  If the claimant satisfies this responsibility, the burden shifts to the Commissioner to
show that there is other gainful employment the claimant is capable of performing despite his existing
impairments. <u>Id.</u>

process.  See Chaparro v. Bowen, 815 F.2d 1008, 1011 (5th Cir.
1987) (per curiam); Jones v. Bowen, 829 F.2d 524, 527 n.1 (5th
Cir. 1987) (per curiam) (rejecting plaintiff's argument
concerning Stone because ALJ proceeded through steps four and
five of the analysis).  Whereas the ALJ in Stone ended his
inquiry at step two of the five step analysis, the ALJ in this
case proceeded his analysis to subsequent steps prior to
determining that plaintiff was not disabled and could return to
her past relevant work.  As the Fifth Circuit noted in Chaparro,
remand is not required where the ALJ's determination "did not
turn on whether or not [plaintiff's] impairment was severe, but
on whether [plaintiff] could return to his past relevant work--an
inquiry unaffected by the test set forth in Stone."  Chaparro,
815 F.2d at 1011.  The instant action commands the same result.
As in Chaparro, the ALJ's determination rested on an inquiry
"largely unaffected by the test set forth in Stone," id.,
rendering plaintiff's Stone argument and the magistrate judge's
Stone analysis irrelevant to the disposition of plaintiff's case.

     To whatever extent plaintiff's arguments might be deemed to
include an argument that the ALJ failed to give proper
consideration to plaintiff's undifferentiated somatoform disorder
in his overall analysis, such a contention would be unfounded.

Indeed, the court is inclined to think that any contention by
plaintiff relative to a diagnosis of undifferentiated somatoform
disorder is being made tongue-in-cheek.  As previously noted,
plaintiff has contended that the ALJ should have found that such
a disorder was a severe impairment.  But the record reflects that
reliance by plaintiff on such a disorder is a mere afterthought
on the part of plaintiff.  Plaintiff did not allege
undifferentiated somatoform disorder in her disability
application.  In her Disability Report dated February 10, 2005,
she made no mention of such a disorder.  Tr. 178, 220.  She
reported in her Daily Activity Questionnaire that she did not
have mental or emotional problems that limited what she was able
to do.  Id. 239, 244.  In her Disability Report for her appeal,
plaintiff did not allege an undifferentiated somatoform disorder.
Id. 255.  During her administrative hearing, when plaintiff was
referring to her mental impairment, she reported that she had
forgetfulness, depression, difficulty concentrating, and problems
with anxiety, but she never mentioned an undifferentiated
somatoform disorder.  Id. 68-69, 86.

     According to plaintiff, undifferentiated somatoform disorder
is a "mental impairment related to a general medical condition
wherein the physical complaints or resulting social or

occupational impairment are in excess of what would be expected
from the history, physical examination, or laboratory findings."
Pl.'s Resp. to Def.'s Objs. at 2-3.   Though the ALJ did not
discuss undifferentiated somatoform disorder by that name in
detail, he did address the history and physical and laboratory
findings upon which plaintiff relies in her assertions relative
to the disorder.   The ALJ specifically noted that:

> Although George R. Mount, Ph.D. assessed a major
> depressive disorder, recurrent, severe, without
> psychotic features, a generalized anxiety disorder, and
> undifferentiated somatoform disorder, with a GAF of 45,
> such assessment appears to reflect the subjective
> allegations of the claimant.

Tr. at 40.   The discussion that follows the above-quoted language
demonstrates that the ALJ was fully conscious of, and gave
consideration to, undifferentiated somatoform disorder in
reaching his decision.

     For the reasons stated above, the court concludes that all
the Stone, severe impairment, and undifferentiated somatoform
disorder issues that the court is addressing under this
subheading are not meritorious and that they do not form the
basis for a reversal and remand of the Commissioner's decision.
Therefore, the court rejects the recommendation of the magistrate
judge to reverse and remand on that basis.

B.    Plaintiff's First Issue and the Second and Third Issues
      Defined by the Magistrate Judge

The court addresses under this subheading the Third Issue

defined by plaintiff, supra at 3, and the second and third Issues

defined by the magistrate judge, id. at 6.[5]  The court accepts,

and here adopts, the findings and conclusions of the magistrate

judge that the ALJ did not commit error in connection with the

hypothetical question directed to the vocational expert or in his

evaluation of the medical opinions favorable to plaintiff.

C.    The Handling by the Appeals Council of New Evidence

Plaintiff argues that the Appeals Council failed to consider

new evidence in support of her Fourth Issue.  The new evidence

that the Appeals Council received from plaintiff were:

> (1) Target Pharmacy refill authorization requests dated
> November 8, 2007, January 15, 2008, March 28, 2008,
> April 28, 2008, and May 31, 2008;
>
> (2) Records from Mission Internal Medicine with dates
> from June 2007 through May 2008;[6]
>
> (3) A letter from Dr. Yazdi dated December 10, 2009;

---

[5]The Second Issue, as defined by the magistrate judge, was not defined as an issue by plaintiff in her brief, but simply was mentioned in passing in the brief. Pl.'s Br. at 14.

[6] The earliest record included was actually from June 2007, and not August 2007, as the Appeals Council incorrectly noted. Tr. at 9, 664-65. The court concludes, however, that this amounted to harmless error, given that there was no information contained in the June 2007 record that would have been material to the ALJ's decision. See Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988).

14

    (4) A notice for plaintiff to appear for a consultative
examination on July 20, 2009 with Dr. Mount; and

    (5) A response to two interrogatories completed by Dr.
Mount dated November 12, 2009.

Tr. at 9, 643-675.

    In determining her RFC at step four, the ALJ had noted
several reasons for concluding that plaintiff's testimony on her
ability to work was not credible or reasonably supported by the
objective medical evidence: Her complaints were not corroborated
by the objective clinical findings showing that her symptoms
improved or stabilized on medication, and the record revealed no
effort by plaintiff to seek treatment for the one-year period
preceding the ALJ's decision in July 2008.  Tr. at 42-43.
Plaintiff's presentation of the new evidence appears to be an
attempt to fill this time gap in treatment and thus resolve one
of the deficiencies noted by the ALJ.  The court believes,
however, that the records do not satisfactorily resolve the other
inconsistencies the ALJ stated were fatal to plaintiff's
complaints.[7]  For the reasons discussed below, the Appeals

---

[7] For example, with respect to plaintiff's credibility, the ALJ observed:
In assessing credibility, I have considered allegations of debilitating deficits in memory,
attention, concentration, and in "processing" information, and find such allegations
inconsistent with and, in fact refuted by the medical record . . . . I find such allegations
specifically inconsistent with claimant's demonstrated level of functioning during the
disability application process. . . .

                                    (continued...)

Council correctly "found no reason under [the] rules to review the [ALJ's] decision." Tr. at 6. After "consider[ing] the reasons [plaintiff] disagree[d] with the decision and the additional evidence listed," the Appeals Council properly determined that the new information provided "does not provide a basis for changing the [ALJ's] decision." Tr. at 7.

"New evidence" must meet three criteria: (1) it must be new, and not merely cumulative of what is already in the record; (2) it must be material, i.e., relevant, probative, and likely to change the outcome of the case; and (3) the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record. See Pierre v. Sullivan, 884 F.2d 799, 803 (5th Cir. 1989). Thus, for new evidence to be material, there must be a reasonable possibility that the outcome would have been different had the evidence been before the Commissioner. Latham v. Shalala, 36 F.3d 482, 483 (5th Cir. 1994). That materiality requirement is not met here.

First, the pharmacy refills showing that plaintiff was prescribed with medication between November 2007 and June 2009, Tr. at 645-50, are entirely consistent with the ALJ's prior

_____

(...continued)
Tr. at 43-44.

16

finding that plaintiff's conditions stabilized and improved while she was on medication, Tr. at 44.

Second, the report and letter from Dr. Yazdi continue to advocate that plaintiff is disabled despite widespread documented improvement and stabilization in plaintiff's symptoms through medication.  In her letter dated December 10, 2009, Dr. Yazdi asserted that plaintiff's medication only helped control her moods and did nothing to help her handle the stresses of work. Tr. at 667.  But in medical records dated June 2007 through May 2008, Dr. Yazdi repeatedly noted there was no change made to plaintiff's medication, Tr. at 657, 653, 661, 663, and made no mention of any need to change medication based on plaintiff's complaints about any stress arising from work, Tr. at 650-665, 667.  Dr. Yazdi even observes that plaintiff was capable enough to walk her dog daily as regular exercise.  Tr. at 663.

The court is also persuaded by Commissioner's argument that Dr. Yazdi's most recent opinion letter, arriving over two years after the ALJ's decision, is "leaning over backwards to support the application for disability benefits." Scott v. Heckler, 770 F.2d at 482, 485 (5th Cir. 1985).  The ALJ had already dismissed Dr. Yazdi's prior opinions and functional capacities evaluation for being inconsistent with the objective medical findings,

including her own actual treating records.  Tr. at 39.  As the
ALJ explained, Dr. Yazdi's opinion, which found that plaintiff
was disabled, failed to comport with progress records documenting
plaintiff's significant improvement in her mood symptoms with
medication.  Tr. at 37.

The court agrees with the Appeals Council that Dr. Yazdi's
recent opinion fails to add anything new that could have changed
the decision of the ALJ.  Although a treating physician's
opinions are generally given considerable weight, the Appeals
Council properly gave Dr. Yazdi's opinion "little or no weight"
because it included statements "not supported by medically
acceptable clinical laboratory diagnostic techniques, or
otherwise unsupported by the evidence."  See Greenspan, 38 F.3d
at 237.  Furthermore, her opinion that plaintiff was disabled is
entitled to no weight, as that determination is reserved to the
Commissioner.  See Frank v. Barnhart, 326 F.3d 618, 620 (5th Cir.
2003).

The same can be said for the one-page response of Dr. George
Mount, whom the ALJ ordered to examine plaintiff for depression.
Tr. at 673.  After briefly defining the meaning of
"undifferentiated somatoform disorder" in a single sentence, Dr.
Mount failed to elaborate upon his earlier diagnosis of plaintiff

of this disorder, to make any statement even referencing his
earlier diagnosis, or to provide any objective findings as
support.  Tr. at 675.

The ALJ had previously found problematic the lack of
"longitudinal clinical record" on Dr. Mount's "assessment of
severity and expected duration" of plaintiff's undifferentiated
somatoform disorder.  Tr. at 41.  Additionally, the ALJ had
previously noted that the objective medical evidence and
plaintiff's level of functioning were inconsistent with reports
from her one-time visit with Dr. Mount, and that her symptoms
were not so severe as to prompt referral to a mental health
expert or therapist.  Tr. at 40, 239.  Dr. Mount's latest
response does nothing to resolve these omissions and
deficiencies.  Thus, the evidence from Dr. Mount could not have
provided a basis for reversing the ALJ's decision either.
Accordingly, the court concludes that the Appeals Council
properly considered and rejected the additional evidence
submitted as not material, and that the Appeals Council correctly
affirmed the decision of the ALJ.

The magistrate judge concluded that the Appeals Council had
a duty to provide a lengthy rationale for rejecting Dr. Yazdi's
opinion that plaintiff was not capable of sedentary work.  Id. at

19

26-27.  The Fifth Circuit, in rejecting such a duty in these
circumstances, noted that the Appeals Council is not required to
provide a "detailed discussion" for rejecting new evidence that
it receives.  See Jones v. Astrue, 228 Fed. App'x 403, 407 (5th
Cir. 2007); Higginbotham v. Barnhart, 405 F.3d 332, 335 at n.1
(5th. Cir. 2005) (noting that "the requirement of a detailed
discussion of additional evidence was suspended" in 1995).  Thus,
the Appeals Council was not required "to explain its weighing of
[Dr. Yazdi]'s statement, pursuant to the factors set forth" in
the regulations.  FC&R at 27.  Instead, the Appeals Council was
merely required to give "good reasons" for the weight given to
the physician's opinion.  See 20 C.F.R. § 404.1527(d).  In
effect, the Appeals Council was under no duty to provide a
lengthy discussion of the factors explaining its decision to deny
Dr. Yazdi's opinion.  FC&R at 29.

Accordingly, the fact that the Appeals Council did not
provide an extensive list of "good reasons" for rejecting the
opinion of Dr. Yazdi is of no consequence, and the failure to
explicitly outline the various reasons for this rejection is
harmless error, if it is error at all.[8]  See Mays v. Bowen, 837

---

[8]The court notes that the magistrate judge's reliance on Jones v. Astrue, No. H-07-4435, 2008
WL 3004514, at *4-5 (S.D. Tex. Aug. 1, 2008), and Stewart v. Astrue, No. 7-07-CV-052-BD, 2008 WL
(continued...)

F.2d 1362, 1364 (5th Cir. 1988) (holding that remand was not warranted where there would have been no change in the ultimate finding that plaintiff was not disabled).  The court has already concluded that the new evidence introduced to the Appeals Council would not have been material to the ALJ's decision, and that the ALJ's decision was supported by substantial evidence.

IV.

### Conclusion and Order

For the reasons stated below, the court (a) finds unacceptable the magistrate judge's proposed findings and conclusions that led to his recommendation that the Commissioner's decision be reversed and remanded, (b) concludes that the magistrate judge's findings and conclusions as to the second and third issues he defined should be accepted by the court, and (c) concludes that the recommendation of the magistrate judge that there be a reversal and remand should be

---

(...continued)
4290917, at *4-5 (N.D. Tex. Sept. 14, 2008), is misplaced.  Plaintiff's case is distinguishable because the evidence in her case did not meet the materiality requirement--in other words, had this evidence been before the ALJ, it would not have changed his decision.  Thus, unlike Jones and Stewart, the Appeals Council was not required to provide a detailed explanation in this case.

Plaintiff also alleges that she originally presented the "new" evidence to the ALJ and it was not part of the ALJ's file.  Pl.'s Br. at 28.  The court does not find this persuasive; even assuming this were true, the Appeals Council set aside its decision for the purpose of considering the additional information, but found that the additional evidence did not merit changing the Commissioner's decision.  Tr. at 6.

rejected.   The court ultimately concludes that, for such reasons,
the decision of the Commissioner should be affirmed.   Therefore,

The court ORDERS that the decision of Commissioner that,
based upon the application protectively filed on January 11,
2005, and April 10, 2007, plaintiff is not entitled to a period
of disability of disability insurance benefits under sections
216(i) and 223, respectively, of the Social Security Act, be, and
is hereby, affirmed.

SIGNED November 3, 2011.

JOHN McBRYDE
United States District Judge

22